**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| Mark Sandstrom, | Case No. 24-cv-2796 (ECT/DJF) |
| Plaintiff, | |
| v. | |
| Ericsson Inc.; Telefonaktiebolaget LM Ericsson, | |
| Defendants. | |

---

| | |
|---|---|
| Mark Sandstrom, | Case No. 24-cv-3053 (ECT/DJF) |
| Plaintiff, | |
| v. | |
| AT&T Inc., | |
| Defendant. | |

---

| | |
|---|---|
| Mark Sandstrom, | Case No. 24-cv-3117 (ECT/DJF) |
| Plaintiff, | |
| v. | |
| Nokia Corporation; Nokia of America Corp., | |
| Defendants. | |

---

| | |
|---|---|
| Mark Sandstrom, | Case No. 24-cv-3118 (ECT/DJF) |
| Plaintiff, | |
| v. | |
| Charter Communications, Inc., | |
| Defendant. | |

## ORDER OF CONSOLIDATION

Plaintiff Mark Sandstrom filed similar complaints in each of the above-captioned cases. *See Sandstrom v. Ericsson Inc. et al.*, No. 24-cv-2796 (ECT) (DJF) ("*Ericsson*") (ECF No. 1); *Sandstrom v. AT&T Inc.*, No. 24-cv-3053 (ECT) (DJF) ("*AT&T*") (ECF No. 1); *Sandstrom v. Nokia Corp. et al.*, No. 24-cv-3117 (ECT) (DJF) ("*Nokia*") (ECF No. 1); *Sandstrom v. Charter Commc'ns, Inc.*, No. 24-cv-3118 (ECT) (DJF) ("*Charter Communications*") (ECF No. 1). On August 23, 2024, the Court ordered the parties in three of these cases[1] to file letters indicating their respective positions as to whether these matters should be consolidated, and if so, whether they should be consolidated in their entirety or for pretrial purposes only. *See Ericsson* (ECF No. 13); *AT&T* (ECF No. 15); *Charter Communications* (ECF No. 22). On August 30, 2024, Mr. Sandstrom filed letters stating that he supported the consolidation of these matters for purposes of any hearing on his demand for declaratory judgment under Rule 57 of the Federal Rules of Civil Procedure. *See, e.g., Ericsson* (ECF No. 20). On September 6, 2024, the defendants in all four of these matters submitted letters supporting consolidation for pretrial purposes only. *See Ericsson* (ECF No. 27); *AT&T* (ECF No. 17); *Nokia* (ECF No. 14); *Charter Communications* (ECF No. 27).

---

[1] *Nokia* was not yet assigned to the undersigned at that time. *See Nokia* (ECF No. 15).

2

Under Federal Rule of Civil Procedure 42(a), when actions before a court involve common questions of law or fact, the court may join any or all matters at issue in the actions for hearing or trial, consolidate the actions in their entirety, or issue other orders to avoid unnecessary cost or delay.  Fed. R. Civ. P. 42(a).  "All claims and issues sharing common aspects of law or fact may be consolidated." *E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 550 (8th Cir. 1998).  "Consolidation of issues and claims is committed to the discretion of the trial court."  *Id.*  (citing Fed. R. Civ. P. 42(a)).  The power to consolidate includes authority to consolidate cases for pretrial purposes only. *See Moore v. C.H. Robinson Worldwide, Inc.*, 20-cv-252-PJS-HB, 2020 WL 433058, at *1–2 (D. Minn. July 28, 2020) (consolidating cases for pretrial purposes).

All parties in these actions agree that some form of consolidation would promote efficient adjudication.  However, they disagree on the manner of consolidation.  Defendants collectively request that consolidation be granted for pretrial purposes only.  *See, e.g.*, *Ericsson* (ECF No. 27).[2] They argue that consolidation would be improper for "substantive motions" and for trial "[g]iven the differing facts, products, telecommunications networks, and entities at issues in each of the cases." *Ericsson* (ECF No. 27).  Defendants define "substantive motions" as "dispositive motions as defined by Local Rule 7.1(c)(6), nondispositive motions as defined by Local Rule 7.1(b)(4) that affect some but not all parties, and motions relating to claim construction."  *Id.*  Additionally, should the Court conduct a consolidated hearing, Defendants request that they have the option to fully brief and fully argue their positions either independently or jointly.  *Id.*  In contrast, Plaintiff seeks consolidation solely for purposes of any hearings adjudicating his claims for declaratory judgment, which the Court would classify as "dispositive".

---

[2] Defendants' letters concerning consolidation are identical on this issue.  Therefore, the Court cites only to the *Ericsson* letter.

3

The Court concludes that these actions involve common questions of law or fact, *see* Fed. R. Civ. P. 42(a), and that consolidating these actions for purposes of pretrial management, discovery, and motion practice related to such discovery will facilitate a more efficient discovery process, promote more orderly case management, and avoid unnecessary cost or delay. The Court further concludes that consolidation of these actions for the purposes of pretrial management, discovery and motion practice related to such discovery will not lead to inefficiency, inconvenience, or unfair prejudice to any party. *See* Fed. R. Civ. P. 42(b). The first-filed case, *Ericsson*, shall serve as the lead case for purposes of consolidation.

Given Defendants' objections and the potential risks of inefficiency and unfair prejudice they have identified, the Court denies Plaintiff's request to consolidate these cases for purposes of determining the merits of his declaratory judgment claims. Barring further order from the Court, pleadings, motions related to pleadings or pleading amendments, claims construction filings and hearings, dispositive motions as defined by Local Rule 7.1(c)(6), motions *in limine*, and the trials in these matters shall not be consolidated.

In the interests of clarity and orderly case management, however, the Court also denies Defendants' request that non-dispositive motions affecting fewer than all parties remain exempt from consolidation. To adopt such an exemption would potentially lead to inefficiency and unnecessary litigation regarding the execution of this Order. All pretrial non-dispositive motions, except as otherwise expressly stated herein, should be filed in the lead case using the consolidated case caption as directed below, but any disinterested party may request to be excused from participating in the hearing on a motion.

The Court is mindful of the fact that these cases involve different products and intellectual property interests, and that Defendants may seek to protect certain documents disclosed to Plaintiff

4

in discovery pursuant to a protective order from further disclosure to the other Defendants. Parties may file documents under seal in this case only if the requirements of Local Rule 5.6 are satisfied. If a party seeks to file a document in the lead case under seal pursuant to Local Rule 5.6, and the sealed information pertains to the Defendant (or Defendants) in only one case, the party may file the document on ECF "ex parte" and select only that Defendant (or Defendants) and Plaintiff as parties with access to the document. Further, any Defendant may request that a motion be heard outside the presence of the other Defendants on grounds of protecting potential privacy or confidentiality interests. The Court will consider any such requests on a case-by-case basis. Finally, though Defendants may separately brief and argue pretrial motions on any issue, the Court encourages joinder whenever feasible.

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** *Sandstrom v. Ericsson Inc. et al.*, No. 24-cv-2796 (ECT) (DJF); *Sandstrom v. AT&T Inc.*, No. 24-cv-3053 (ECT) (DJF); *Sandstrom v. Nokia Corp. et al.*, No. 24-cv-3117 (ECT) (DJF); and *Sandstrom v. Charter Commc'ns, Inc.*, No. 24-cv-3118 (ECT) (DJF) (collectively, the "Cases") shall be consolidated for limited pretrial purposes as follows:

1. The Cases are hereby consolidated pursuant to Rule 42 of the Federal Rules of Civil Procedure for all purposes except as set forth in paragraph 2 below;

2. This Order does not consolidate the pleadings (complaints, answers or counterclaims), motions related to pleadings or pleading amendments, claims construction filings or hearings, dispositive motions as defined by Local Rule 7.1(c)(6), motions in limine, or the trials in these actions ("Non-Consolidated Proceedings");

5

3. The Cases are not hereby merged into one case, and except as provided herein, each of the Cases retains its individual case identity, with the parties in each of the Cases retaining all their separate rights under applicable rules and law, including the right to separately brief and argue motions if desired;

4. Except for Non-Consolidated Proceedings as set forth in paragraph 2 above, or as otherwise ordered, all motions, submissions and other documents to be filed with the Court shall have a caption stating both the caption and case number of *Sandstrom v. Ericsson Inc. et al.*, No. 24-cv-2796 (ECT) (DJF) (appearing first); *Sandstrom v. AT&T Inc.*, No. 24-cv-3053 (ECT) (DJF) (appearing second); *Sandstrom v. Nokia Corp. et al.*, No. 24-cv-3117 (ECT) (DJF) (appearing third); *Sandstrom v. Charter Commc'ns, Inc.*, No. 24-cv-3118 (ECT) (DJF) (appearing fourth), **and shall be filed only in the lead case, *Sandstrom v. Ericsson Inc. et al.*, No. 24-cv-2796 (ECT) (DJF)**;

5. Parties shall file motions, submissions and other documents related to any Non-Consolidated Proceedings solely in the action and under the case caption to which the Non-Consolidated Proceedings relate;

6. Any party may request to be excused from a hearing if that party has no interest in the outcome;

7. If a party seeks to file a document in the lead case under seal pursuant to Local Rule 5.6 and the sealed information pertains to the Defendant (or Defendants) in only one case, the party may file the document on ECF "ex parte" and select only that Defendant (or Defendants) and Plaintiff as parties with access to the document;

7

8. If necessary, any Defendant may request that a motion be heard outside the presence of the other Defendants or the public and that the hearing record be sealed on grounds of protecting potential privacy or confidentiality interests.

Dated: September 16, 2024

*s/ Dulce J. Foster*
Dulce J. Foster
United States Magistrate Judge